**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARK ANTHONY BROWN,

    Petitioner,

v.                                                   CASE NO: 8:07-CV-1304-T-30MAP

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondent(s).
_____/

# **ORDER**

Mark Anthony Brown (hereinafter "Brown" or "Petitioner"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #15) and Petitioner's reply (Dkt. #18). Upon review, the Court determines that the petition must be dismissed because it is time barred. If the petition were not time barred, it would fail on the merits.

**PROCEDURAL BACKGROUND**

Brown was charged with five felonies: attempted first degree murder (counts one and two), carjacking with a deadly weapon (count three), and robbery with a deadly weapon (counts four and five). He was tried by a jury and was represented by Assistant Public Defender Harvey Hyman. After the state rested its case in chief, the trial court reduced count

five to attempted robbery. The jury found Brown guilty of the lesser offense of aggravated battery with a weapon in count one, the lesser included offense of attempted second degree murder with a weapon in count two, carjacking with a deadly weapon in count three, robbery with a deadly weapon in count four, and attempted robbery with a deadly weapon in count five. Brown was sentenced on November 10, 1999. He appealed.

On January 30, 2002, the Second District Court of Appeal affirmed Brown's convictions, but reversed the sentences for aggravated battery because of an improper enhancement and because the sentence was consecutive to the life sentences. Brown v. State, 806 So. 2d 576 (Fla. 2d DCA 2002).

Brown was resentenced on July 9, 2002. The trial court imposed a fifteen year prison sentence for the aggravated battery conviction and ran all sentences concurrently. Brown appealed and on April 23, 2003, the appellate court affirmed without opinion. Brown v. State, 847 So. 2d 465 (Fla. 2d DCA 2003). The mandate was issued May 20, 2003.

On March 14, 2004, Brown filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. He presented seven allegations of ineffective assistance of counsel, the same grounds that he makes in the federal petition now before this Court. The trial court summarily denied some of the claims and held an evidentiary hearing on others. After the evidentiary hearing, the trial court denied all grounds of the 3.850 motion on June 24, 2005. Brown appealed. The Court of Appeal affirmed the trial court's order without opinion on January 26, 2007. Brown v. State, 947 So. 2d 1169 (Fla. 2d DCA 2007) [table]. Brown then filed a motion for clarification which was denied by the appellate

court as untimely on March 16, 2007. The mandate issued on February 15, 2007.

Brown signed his Section 2254 petition to this Court on July 21, 2007.

## **TIMELINESS**

Brown's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides a one year period within which a Section 2254 federal habeas petition must be filed. 28 U.S.C. §2244(d)(1). Brown filed his petition more than one year after his judgment became final and it is therefore time barred.

Brown's judgment became final on July 22, 2003, ninety days after the state appellate court filed its opinion on direct review from his resentencing judgment. Vaughn v. Moore, 309 F. 3d 770 (11th Cir. 2002). Unless the period is tolled by a motion for collateral review, Brown had until July 22, 2004, to file his federal petition.

Brown properly filed a motion for post-conviction relief on March 14, 2004, after 234 days had elapsed on the limitations period. This motion was pending until February 15, 2007, when the state appellate court issued its mandate. Another 156 days passed before Brown filed the instant federal petition on July 22, 2007. Thus, a total of 390 days expired during which no collateral proceeding was pending in state court before Brown filed the instant federal petition. Therefore, the petition before this Court is time barred.

Brown acknowledges in his reply brief that his petition is time barred, but contends that he is entitled to equitable tolling for three reasons:

(1) "Petitioner was not negligent and exercised reasonable diligence in ensuring that his right to seek federal habeas review was preserved."

(2) "Petitioner avers that he is actually on point and that trial counsel was ineffective and made many unprofessional errors, therefore, Petitioner was not granted a fair trial. Because Petitioner can demonstrate a reasonable probability that Constitutional errors alleged in the Petition resulted in the conviction of one who was not granted a fair trial, the Petitioner is entitled to review of his claims on the merits notwithstanding the procedural time bar. <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (1998)."

(3) "Under the unique circumstances of this case, where Petitioner's so-called untimely filing was attributed to misadvice, where Petitioner can prove that counsel failed to satisfy Constitutional requirements at specific points, the application of Section 2244(d)(1) limitation period to bar federal review of Petitioner's first and only federal petition constitutes an unconstitutional suspension of habeas relief, in violation of Article One, Section Nine, cl.2, of the United States Constitution."

Equitable tolling is permitted when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. <u>Sandvik v. United States</u>, 177 F. 3d 1269 (11th Cir. 1999). Equitable tolling is an extraordinary remedy which is typically applied sparingly. See <u>Irwin v. Dept. of Veteran Affairs</u>, 498 U.S. 89, 96 (1990). Attorney negligence or miscalculation or misinterpretation of the limitation period does not support equitable tolling. <u>Steed v. Head</u>, 219 F. 3d 1298 (11th Cir. 2000). Therefore, Brown's late filing, even if the result of misadvice, or miscalculation of the time period, is not entitled to equitable tolling.

Brown's reliance upon <u>Bousley</u> is misplaced. <u>Bousley</u> held that a procedurally defaulted claim may still be reviewed by a federal court if the petitioner can establish that a constitutional error "has probably resulted in the conviction of one who is actually innocent." <u>Bousley</u>, 523 U.S. at 623, citing <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986). To establish

actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Schlup v. Delo, 513 U.S. 298 (1995). The Supreme Court in Bousley specifically noted that actual innocence means factual innocence, not mere legal insufficiency. Bousley at 623. Brown has not claimed to be "actually innocent," and has not asserted any facts to support a claim of actual innocence.

Brown's contention that the Section 2244(d)(1) limitation period is an unconstitutional suspension of habeas relief also fails. This argument has been previously rejected by the Eleventh Circuit. Wyzykowski v. Dep't of Corrections, 226 F. 3d 1213 (11th Cir. 2000); Tinker v. Moore, 255 F. 3d 1331 (11th Cir. 2001).

For the foregoing reasons, the Court determines that Brown is not entitled to equitable tolling and that his petition is time barred. Even if the petition were not time barred, it would fail on the merits.

## THE PETITION

Brown raises seven grounds of ineffective assistance of counsel in this Section 2254 petition:

**Ground One:** Ineffective assistance of counsel for failing to object and raise a Batson claim to the prosecutor's peremptory challenge of only African American jurors.

**Ground Two:** Ineffective assistance of counsel for failing to file a motion to dismiss the carjacking charge (Count 3).

**Ground Three:** Ineffective assistance of counsel for failing to object to the standard jury instruction that each crime charged in the information be considered separately.

**Ground Four:** Ineffective assistance of counsel for conceding Brown's guilt to robbery with a weapon.

**Ground Five:** Ineffective assistance of counsel for failing to file a motion to suppress and to object at the time Brown's statement would have been introduced at trial.

**Ground Six:** Ineffective assistance of counsel for failing to object to an incorrectly calculated sentencing guidelines scoresheet.

**Ground Seven:** Ineffective assistance of counsel for failing to present evidence to support Brown's voluntary intoxication defense.

## SECTION 2254 THRESHOLD

Since Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to the provisions thereof. When a federal court is asked to review a criminal conviction from state court, 28 U.S.C. §2254 places a heavy burden upon the petitioner. Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that:

(1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or

(2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. §2254(d); Williams v. Taylor, 529 U.S. 362 (2000).

In Williams, the Supreme Court held:

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court

has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-413. Additionally, federal habeas relief is available under the "unreasonable application" standard if the state court's application of clearly established federal law was "objectively unreasonable." Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001).

In a proceeding under the second standard (an unreasonable determination of the facts), a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §2254(e)(1). This statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994).

## **DISCUSSION**

Each of Brown's seven claims was raised in his post-conviction motion in the state trial court. The trial court denied some grounds from the record and others after making findings of fact at an evidentiary hearing. Since the claims asserted ineffective assistance of counsel, the trial court analyzed them pursuant to the U. S. Supreme Court standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, to establish a *prima facie* claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that the deficient

performance prejudiced the defense. Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Strickland, 466 U.S. at 688. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Both prongs (deficient performance and prejudice) must be shown before a petitioner is entitled to habeas relief. The Eleventh Circuit has held that when applying Strickland, a court may dispose of ineffectiveness claims on either of the two prongs without the necessity of discussing the other. Oats v. Singletary, 141 F.3d 1018 (11th Cir. 1998).

Since the state court ruled on the merits of Petitioner's claims, this Court's habeas review is limited by AEDPA to determining whether the state decision was:

(1) contrary to, or involved an unreasonable applicable of, clearly established federal law, or

(2) based on an unreasonable determination of the facts in light of the evidence presented.

28 U.S.C. §2254(d)(1)(2).

The Court has reviewed the state court's decision as to each claim and concludes that the rulings were not an unreasonable application of the Strickland standard, nor were they based on an unreasonable determination of the facts in light of the evidence presented. The trial court's denial of Brown's post-conviction claims cites in detail to the record. This Court adopts those references to the record and the trial court's findings of fact so that repeating them will not be necessary. Instead, the Court will briefly highlight portions that refute each claim.

**Ground One:** Ineffective assistance of counsel for failing to object and raise a <u>Batson</u> claim to the prosecutor's peremptory challenge of only African American jurors.

In support of ground one, Petitioner asserts:

Defendant is an African American male and the two victims are Caucasian. Prior to trial, Defendant discussed the jury composition with trial counsel, who stated that the prosecutor may attempt to seat an all white jury and to achieve this end could use peremptory challenges to remove any African American jurors. Trial counsel and Defendant discussed to object and if necessary raise a <u>Batson</u> claim to any of the prosecutor's strikes against African American jurors.

The state court held an evidentiary hearing as to this claim. At the hearing, Brown admitted that he indicated to Mr. Hyman, his attorney, after each bench conference that he was satisfied with the strikes that were made, and did not indicate that he was dissatisfied with any of them. Mr. Hyman testified that he never discussed with Mr. Brown objecting to the state's strike of any African American juror. He further testified he has never had that discussion with any defendant. The Assistant State Attorney, Donna Haines, advised the state court that she struck the juror in question because that juror had nodded when asked whether her religious beliefs would affect her ability to judge a defendant.

Those portions of the record support the following findings of fact by the post-conviction court: Mr. Hyman did not advise Defendant that he would object if the state struck an African American juror, Mr. Brown did not advise Mr. Hyman that he wanted to challenge the State's striking of Ms. Willis, and the State had a race neutral reason for striking Ms. Willis.

The state court's ruling was neither contrary to established federal law nor an unreasonable determination of the facts from the evidence before it.

**Ground Two:** Ineffective assistance of counsel for failing to file a motion to dismiss the carjacking charge (Count 3).

In support of ground two, Petitioner states:

> Defendant asserts that trial counsel was ineffective for failing to file a motion to dismiss count three, carjacking with a deadly weapon. It is undisputed that Defendant's information as to count three, carjacking with a deadly weapon, did not establish a *prima facie* case of guilt for the alleged charge. Defense counsel timely objected, and argued that it was a "double jeopardy" violation. His argument was that robbery and the carjacking were the same offense and that dual convictions violate the constitutional proscription against double jeopardy.

In denying this claim, the state post-conviction court pointed out that these arguments were raised and rejected on direct appeal, citing Brown v. State, 806 So. 2d 576 (Fla. 2d DCA 2002). The Second District Court of Appeal held that it was not double jeopardy:

> Brown argues first that the robbery and the carjacking were the same offense and that the dual convictions violate the constitutional proscription against double jeopardy. In the information, the state alleged that Brown robbed the victims by taking their money and car keys. Brown asserts that robbery and carjacking are the same offense because the money and keys were taken with only one use of force, no additional force was used to take custody of the car, and there was no temporal break between the time that Brown took the keys and drove away with the car. The Florida Supreme Court has recently held that the Double Jeopardy Clause does not prohibit dual convictions for robbery and carjacking arising from the same criminal episode when the indictment for robbery lists property other than a motor vehicle. Cruller v. State, 808 So. 2d 201 (Fla. 2002). Based on the Supreme Court's decision in Cruller, therefore, we reject Brown's double jeopardy claim.

Brown, 806 So. 2d at 577.

This ruling on Brown's double jeopardy claim is not contrary to any established federal law, and Brown cites to none. Therefore, Brown's counsel cannot be deemed ineffective.

**Ground Three:** Ineffective assistance of counsel for failing to object to the standard jury instruction that each crime charged in the information be considered separately.

In support of ground three, Petitioner asserts:

> Defendant asserts that he did not waive his right to challenge the inconsistency of his jury verdicts herein by failing to object to a standard jury instruction that each crime charged in his information be considered separately and that a finding of guilty or not guilty on one count should not affect the verdict on any other count.

First, Brown fails to identify any federal case contrary to the standard jury instruction that each charged crime be considered separately. In fact, the federal criminal jury instructions have the same instruction. Standard federal jury instruction 10.2 concerning a single defendant with multiple counts provides in pertinent part as follows:

> A separate crime or offense is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

Since the jury instruction given by the trial court is not contrary to federal law, Brown's trial counsel was not deficient for failing to object to it.

**Ground Four:** Ineffective assistance of counsel for conceding Brown's guilt to robbery with a weapon.

In support of ground four, Petitioner asserts:

> Defendant argues that he has been denied effective assistance of counsel where counsel concedes guilt to the alleged robbery with a weapon in closing argument, and doing so without Defendant's specific consent, denied him his right to a fair trial.

The state trial court held an evidentiary hearing on this claim in which the Defendant admitted to testifying at trial that the incident happened, but reiterated that he did not concede guilt during his testimony. His attorney, Mr. Hyman, also testified. Mr. Hyman described the case as being very difficult because Mr. Brown was arrested driving the victims's car a few miles away from their home minutes after the 911 dispatch went out. Mr. Brown was covered in blood that was linked to one of the victims by DNA evidence, and money was recovered from the ash tray of the car which was consistent with the robbery.

Mr. Hyman testified further that he had a meeting on November 5, 1999, with Mr. Brown. It had already been agreed that Mr. Brown was going to testify. After determining that Mr. Brown was going to testify at trial, Mr. Hyman said he met with Mr. Brown on November 5, 1999, and they agreed to use the "defense of lessers:"

> We were going to use the defense of lessers at that point because there was no way we could establish that it wasn't him or self-defense or anything like that so the decision on November 5th was that Mr. Brown would take the witness stand, admit to committing the act of robbery and I would at least argue to the jury that it overcharged for them to please only convict of what he had done which was a simple robbery.

The foregoing testimony adequately supports the state court's finding of fact that the Defendant agreed to the trial strategy of arguing lesser offenses of robbery and attempted robbery. The court reviewed the record and determined that Mr. Hyman had not conceded the Defendant's guilt to robbery with a weapon. Trial counsel are given wide latitude in

matters of trial strategy. The burden is on Petitioner to show that the strategy used was one that no reasonable counsel would have used. Mr. Brown has failed to carry that burden here.

This Court agrees with the state court that Mr. Hyman's performance was not deficient.

**Ground Five:** Ineffective assistance of counsel for failing to file a motion to suppress and to object at the time Brown's statement would have been introduced at trial.

In support of ground five, Petitioner asserts:

> Defendant argues that he was denied effective assistance of defense counsel when counsel failed to file a motion to suppress and to object at the time his statement would have been introduced at his trial. Defendant's abbreviated record in this case does not indicate a motion to suppress his statement was filed and denied.

The state post-conviction court held an evidentiary hearing on this claim and in his order denying it, stated:

> Defendant agreed with the record that the only statement he made was that he must have snapped because of the drugs. (See May 10, 2005 Transcript, page 25, attached). When asked if he thought the jury would have found anything different if that statement had not come in, Defendant responded, "I couldn't tell you." (See May 10, 2005 Transcript, page 27, attached). When asked if that is because there was a lot of evidence against him, he responded, "I think so. I couldn't tell you." (See May 10, 2005 Transcript, page 27, attached).

(Exhibit 16 at pp. 12-15).

The state court could have stopped there and denied the claim on Strickland's prejudice prong. The state court went further and pointed out that Mr. Hyman had in fact filed a motion to suppress, not on Miranda grounds, but because of its vagueness the jury would be misled in connecting that statement to the actual crime. Mr. Hyman testified that

Mr. Brown had never told him that he had not received proper <u>Miranda</u> rights. And, further, the arresting officer testified that he had given Mr. Brown his <u>Miranda</u> rights and that he appeared to understand them. Therefore, Mr. Hyman's performance was not deficient.

The state court properly applied the <u>Strickland</u> standard in analyzing and denying this claim.

**Ground Six:** Ineffective assistance of counsel for failing to object to an incorrectly calculated sentencing guidelines scoresheet.

In support of ground six, Petitioner states:

Defendant contends that he has been denied effective assistance of trial counsel where counsel failed to object to his incorrectly calculated sentencing guidelines computations.

The state court reviewed this claim in detail and determined that Defendant's conviction for aggravated battery was in fact scored incorrectly. The appellate court had sent Mr. Brown's case back for resentencing and the error was corrected on July 9, 2002, when Mr. Brown was resentenced using the corrected scoresheet.

Sentencing calculations are matters of state law. If errors are committed, they must be corrected at the state level, it is not a matter cognizable on federal habeas review. Here, the only error was corrected and therefore, at this point, Mr. Brown cannot point to a deficiency that prejudiced him. He therefore fails to meet the <u>Strickland</u> standard for ineffective assistance of counsel.

**Ground Seven:** Ineffective assistance of counsel for failing to present evidence to support Brown's voluntary intoxication defense.

In support of ground seven, Petitioner states:

> Defendant asserts that his defense counsel asserted that "voluntary intoxication was to be used as a defense." . . . Counsel failed to obtain an expert for analysis and to present testimony and evidence at trial to show appellant's state of mind at the time of the alleged offenses.

In denying this claim, the state trial court agreed with the state that there was no law requiring trial counsel to obtain an expert in a case where intoxication is presented as a defense. Thus, the trial court determined that Mr. Hyman had not performed deficiently in failing to use an expert to support this argument.

Further, Mr. Brown's contentions about what an expert would have or could have said about his intoxication is mere speculation. He has offered nothing but his own conjecture about the testimony of such a witness. Thus, he has failed to show how he was prejudiced.

The state court properly used the <u>Strickland</u> standard in analyzing and denying this claim.

## **CONCLUSION**

The state court properly applied the federal standard in analyzing and denying Petitioner's post-conviction claims - the same claims he raises here. Since the state court rulings were not contrary to established federal law, and did not include an unreasonable determination of the facts from the evidence presented to it, the claims would fail on the merits if reached by this Court.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED because it is time barred.

2. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on February 9, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2007\07-cv-1304.deny 2254.wpd*